Dear Mr. Lemoine:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion regarding whether a creditor may garnish a debtor's check from the Louisiana State Employees' Retirement System (LASERS).
The answer to your question is found in La.R.S. 11:405, which provides:
 An annuity, retirement allowance or benefit, or refund of contributions, or any optional benefit or any other benefit paid to any person under the provisions of this Chapter is exempt from any state or municipal tax and is exempt from levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in R.S. 11:292, and is unassignable.
An exception is found in La.R.S. 11:292, which provides:
 Notwithstanding any other provision of law to the contrary, any retirement allowance, benefit, or refund of accumulated contributions paid to any member, former member, or retiree under the provisions of any public retirement system, or the portion of a retirement allowance, benefit, or refund of accumulated contributions paid to a spouse or former spouse under the provisions of R.S. 11:291, shall be subject to garnishment or court-ordered assignment to pay child support.
Based on the foregoing statute, a creditor may not garnish the debtor's checks from LASERS unless it is to satisfy a court ordered child support obligation.
You also ask whether funds that have been directly deposited into a bank account are subject to being garnished. As a general rule, a bank can be a garnishee and funds in a bank account can be garnished. La.C.C.P. art. 2411. *Page 2 
However, garnishment of a financial institution is different from garnishing the debtor's wages, salaries, or commissions. The question of whether funds that are exempt from garnishment[1] continue to remain exempt from garnishment once deposited into a bank account is more complicated. There is not a Louisiana statute that directly answers the questions. However, in In re Sinclair[2], the United States Fifth Circuit Court of Appeal ruled that Louisiana's garnishment statute, La.R.S. 13:3881, does not protect funds once they are deposited into a bank account. In the case, Sinclair argued that his wages should continue to be protected by La.R.S. 13:3881 after they are directly deposited into his bank account. The court disagreed and stated, "We will follow the Louisiana courts' interpretation of the workers' compensation exemption as not applying to benefits that have been received. Therefore, consistent with the statute's plain language, we conclude that the disposable earnings exemption does not protect wages once they have been paid."[3] For these reasons, we conclude that the disposable earnings exemption found in La.R.S. 13:3881 (1)(a) does not protect wages once they have been deposited into a bank account. .. ."
Therefore, it is the opinion of this office that La.R.S. 11:405
prohibits a creditor from garnishing a debtor's checks from LASERS unless it is to satisfy a court ordered child support obligation. It is also the opinion of this office that based on the United States Fifth Circuit Court of Appeal's decision in In re Sinclair, the disposable earnings exemption found in La.R.S. 13:3881 (1)(a) may not protect wages once they have been deposited into a bank account.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY:__________________________ Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] La.R.S. 13:3881 sets forth what is exempt from garnishment.See also La.R.S. 22:646; see also 11 U.S.C. §§ 362, 541, 1306.
[2] In re Sinclair, 417 F.3d 527 (5th Cir.) (La. 2005).
[3] In re Sinclair, 417 F.3d at 532.